# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The National Association for Fixed Annuities,<br><br>    Plaintiff,<br><br>    vs.<br><br>Thomas E. Perez, *et al.*,<br><br>    Defendants. | Civil Action No. 1:16-cv-1035 (RDM) |

### NAFA'S MOTION FOR EXPEDITED STATUS CONFERENCE OR EXPEDITED RELIEF

Plaintiff the National Association for Fixed Annuities ("NAFA") respectfully requests that the Court schedule a status conference in the above-captioned matter at the Court's earliest convenience in order to facilitate a rapid disposition of its pending Motion for a Stay and Injunction Pending Appeal (the "Motion").  In the alternative, NAFA asks the Court to rule on its Motion in an expedited manner, thereby allowing NAFA to present its appeal – and, if necessary, a request for an injunction pending appeal – to the D.C. Circuit.

On November 4, 2016, the Court entered a memorandum opinion and accompanying order denying NAFA's application for a preliminary injunction and motion for summary judgment and granting Defendants' cross-motion for summary judgment. *See* Dkts. 46 & 47.  Today, NAFA filed its Notice of Appeal and its Motion for an injunction to stay the April 10, 2017 applicability date.

As the Court is aware, and as outlined in NAFA's Motion, it is imperative that the Motion be heard and resolved by this Court as soon as possible.  There are now less than five months left until the April 10, 2017 applicability date, and NAFA's members already are facing irreversible and irreparable harm to their businesses.  As set forth in NAFA's pending Motion, NAFA's right to effective review in the Court of Appeals will be substantially impaired without an injunction staying

the applicability date. NAFA's Motion before this Court is a necessary step in NAFA's appeal process. Prompt resolution of the Motion – whether it be granted or denied – is critical so that NAFA has a meaningful opportunity to present a number of serious legal issues to the D.C. Circuit, and, if necessary, to ask that court for an injunction staying the applicability date pending appeal.

NAFA's motion is directly analogous to a motion for a preliminary injunction, in that the same type of exigencies exist here, which are made more urgent by the fact that this matter already has been under consideration for almost six months. Local Civil Rule 65.1 requires, in ordinary circumstances, that an opposition to an application for a preliminary injunction be filed within 7 days and that a preliminary injunction hearing take place no later than 21 days after the application is filed. NAFA respectfully submits that these are not ordinary circumstances, and the time period for review of its Motion should be even more expedited to permit NAFA to address this matter with the Court of Appeals before the Rule challenged here goes into practical effect. Indeed, Rule 65.1 indicates that the application may be decided on the papers in a shorter period of time than 21 days. Accordingly, NAFA respectfully requests that its Motion be decided as soon as possible.

Specifically, NAFA asks the Court to consider ruling based on NAFA's briefing or, at a minimum, schedule an expedited status conference that would allow the parties and the Court to address timing and positions on the Motion as expeditiously as possible. It is NAFA's hope that a status conference would facilitate prompt disposition of NAFA's Motion (granting or denying the Motion). If the Court is prepared to rule on NAFA's Motion summarily without responsive briefing, however, NAFA would freely forego its request for a status conference. NAFA's goal is to proceed to the D.C. Circuit as soon as possible in order to avoid further irreparable harm and irreversible damage to the fixed annuity distribution system.

Pursuant to Local Rule 7(m), undersigned counsel has conferred with counsel for Defendants, who represented that Defendants do not consent to an expedited status conference

before briefing and stated that counsel for the Defendants would be participating in oral argument in a related case in Dallas, Texas on Thursday, November 17.  In accordance with Local Rule 7(c), a proposed order is attached to this Motion.

WHEREFORE, Plaintiff NAFA respectfully requests that this Court issue an Order setting a status conference at its earliest convenience.

November 14, 2016

Respectfully submitted,

BRYAN CAVE LLP

/s/ Philip D. Bartz
Philip D. Bartz (D.C. Bar No.  379603)
Jacob A.  Kramer (D.C. Bar No.  494050)
1155 F Street, N.W., Suite 700
Washington, D.C. 20004
(202) 508-6000

Of Counsel:

Adam L. Shaw, Esq.
1155 F Street, N.W., Suite 700
Washington, D.C. 20004

*Counsel for NAFA*